UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAURIE FLORENCE HERMARY, | } | |
| | } | |
| Plaintiff, | } | |
| VS. | } | CIVIL ACTION NO. H-06-3231 |
| | } | |
| GCA SERVICES GROUP, INC, | } | |
| | } | |
| Defendant. | } | |

## OPINION & ORDER

Pending before the court in this negligence case is Defendant GCA Services Group, Inc.'s ("GCA's") motion for summary judgment (Doc. 33). Plaintiff Laurie Hermary ("Hermary") has filed a response in opposition (Doc. 37). Thereafter, GCA filed a reply (Doc. 45). For the reasons explained below, the court shall GRANT GCA's motion.

I.      Background & Relevant Facts

Hermary, a Canadian citizen, claims she was struck by a passenger cart operated by GCA at George Bush Intercontinental Airport (hereafter the "Airport"). The accident allegedly occurred on January 3, 2005, while Hermary was on a layover at the Airport. At the time, Hermary was traveling from Alberta, Canada to Cancun, Mexico for a vacation.

Hermary contends that the impact of the cart threw her 10-15 feet and caused immediate, severe spine pain and injury. She also claims that she suffered scrapes and severe bruising. Hermary claims that she filed a report with the GCA supervisor on duty at the time, Sandra Rowlett ("Rowlett"). GCA has no record of any incident involving the Plaintiff. (Mary Anne Winthrow Decl., Doc. 33 Ex. D). Moreover,

Rowlett testified that she could not specifically recall either Hermary or the incident. (*See* Rowlett Stmt., Doc. 45 Ex. E).

Despite the alleged injuries, Hermary continued with her travels. She spent one week in Cancun and one week in Florida engaging in numerous physical activities. Hermary claims that during her vacation, her pain got "much worse" and was "agonizing," but she did not seek medical attention until after she got home to Canada. (Hermary Dep. 171-74, Doc. 33 Ex. A).

Over a year after the alleged accident, Hermary underwent surgery on her lower back. Defendant's medical expert, Dr. David S. Baskin ("Dr. Baskin"), reviewed the extensive medical records and independently examined Hermary and has opined that "there is nothing in [Hermary's] medical records or history which indicated a serious back injury" and that the back surgery was medically unnecessary. (Dr. Baskin Decl., Doc. 33 Ex. L). Plaintiff's treating physician, Dr. William F. Donovan ("Dr. Donovan"), who performed the surgery, has offered his opinion that the back surgery was necessary and a result of the accident. (Dr. Donovan Aff., Doc. 37 Ex. Q).

Hermary filed a negligence suit against GCA in this court on October 13, 2006. GCA filed the current motion for summary judgment arguing that Plaintiff has no evidence to support her sole cause of action.

II.     Legal Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th

Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though

it may not be in admissible form.  *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

III.	Analysis

In order to establish a claim for negligence, a plaintiff must demonstrate "a duty, a breach of that duty, and damages proximately caused by the breach." *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *see also Morin v. Moore*, 309 F.3d 316, 326 (5th Cir. 2002) ("To state a claim for negligence in Texas, a plaintiff must show duty, breach, causation, and damages."). "Proximate cause requires both cause in fact and foreseeability." *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). An occurrence is foreseeable if a person of ordinary intelligence should have anticipated the dangers to others his act creates, even if not the precise manner of the danger. *Id.* "Cause in fact means that the defendant's act or omission was a substantial factor in bringing about the injury which would not otherwise have occurred." *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995).

GCA concedes that it had a duty to use ordinary care to avoid injuring Plaintiff, but argues that Hermary has failed to provide sufficient evidence of either breach or causation.  The court agrees.   First as to breach, Plaintiff has provided no evidence, other than her own self-serving testimony, that the accident even happened. Although she claims that there were six eyewitnesses, she has not produced any witnesses to substantiate her claim that she was hit by the cart, thrown 10 feet, bruised or otherwise injured.  The witnesses she can produce, her relatives, did not actually see the accident happen, and the testimony of one of her relatives is at odds with her account of the events. (*Compare* Hermary Dep. 101-102, Doc. 45 Ex. B *with* Mielke Dep. 7-9, Doc. 45

Ex. C). Additionally, she proceeded with a two-week, physically active vacation in Mexico and Florida and never sought any medical attention while in either place. Hermary did not seek medical attention until days after she returned to Canada. Taken together, these facts demonstrate that there is not more than a scintilla of evidence that the accident even occurred and, as such, Hermary has not identified a fact question regarding the element of breach. *See Anderson*, 477 U.S. at 252.

Nor has Hermary raised a fact question regarding causation. Hermary's reliance on her doctor's opinion that the alleged cart strike caused her spinal injury and subsequent surgery is misplaced. Dr. Donovan's opinion is based entirely upon her own narratives and not upon any scientific evidence or evaluation. Moreover, GCA has offered the uncontroverted testimony of a scientific expert, Dr. Richard V. Baratta ("Dr. Baratta"), that the accident could not possibly have happened the way Plaintiff describes. (*See* Baratta Decl., Doc. 33 Ex. M). The fact that Dr. Donovan and Dr. Baskin dispute the medical necessity of Hermary's back surgery is irrelevant and does not create a genuine issue of material fact.

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita*, 475 U.S. at 586 (quoting Advisory Committee Note to 1963 Amendment of Fed. Rule Civ. Proc. 56(e), 28 U. S. C. App., p. 626). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In order to survive summary judgment, a plaintiff must therefore provide evidence upon which a reasonable jury could base a verdict. *See Anderson*, 477 U.S. at

252 (The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff.") (emphasis added). Plaintiff has simply failed to proved such evidence in this case. Accordingly, it is hereby

ORDERED that GCA's motion (Doc. 33) is GRANTED.

SIGNED at Houston, Texas, this 7th day of January, 2008.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE